IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL WHITE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-14-356 |
| | | (Related Crim. Case: CCB-09-369) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Pending is petitioner Darryl White's motion to vacate filed pursuant to 28 U.S.C. § 2255, (ECF No. 108), and the government's limited response maintaining that the motion is untimely, (ECF No. 112). Mr. White was advised that the motion to vacate would be dismissed as untimely unless he provided information establishing his entitlement to an exception provided in 28 U.S.C. § 2255 or to equitable tolling of the statute of limitations. (ECF No. 113.) Mr. White has not responded.

On February 22, 2010, Mr. White pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. He was sentenced on July 16, 2010 to a 188-month term of imprisonment and a four-year term of supervised release. The court issued the judgment and commitment order on July 19, 2010. (ECF No. 95.) Mr. White did not appeal. On February 5, 2014, more than three years after the judgment and commitment order were entered in this case, Mr. White filed the instant motion to vacate. (ECF No. 108.)

To be entitled to equitable tolling, Mr. White must establish that either some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it

would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Mr. White has failed to establish factors warranting equitable tolling of the statute of limitations.

To the extent Mr. White asserts he is entitled to relief pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and therefore the one-year statute of limitations began to run pursuant to 28 U.S.C. § 2255(f)(3) when *Alleyne* was decided, he is mistaken. *Alleyne* cannot be applied retroactively to cases on collateral review because the Supreme Court has not declared that it may be applied retroactively. *See, e.g.*, *United States v. Winkelman*, 746 F.3d 134, 135-36 (3d Cir. 2014).

Having concluded that the motion to vacate was filed beyond the statute of limitations, the court will dismiss the motion as untimely in a separate Order which follows.  When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Mr. White has not demonstrated either requirement, and the court will not issue a certificate of appealability.

<u>December 2, 2014</u>                         <u>          /s/                         </u>
Date                                             Catherine C. Blake
                                                 United States District Judge

2